**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ERNESTO DIAZ-MORATAYA, | No. 07-74314 |
| Petitioner, | |
| v. | Agency No. A029-671-279 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Luis Ernesto Diaz-Morataya, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and his

application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo due process claims, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Diaz-Morataya failed to establish past persecution, because the isolated threat and harassment he suffered did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000); *see also Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (teasing, discrimination and harassment do not amount to past persecution). Substantial evidence also supports the agency's determination that Diaz-Morataya failed to establish a well founded fear of future persecution, because he did not demonstrate the requisite individualized risk. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180-81 (9th Cir. 2007) (en banc). Accordingly, Diaz-Morataya's asylum claim fails.

Diaz-Morataya contends the IJ applied the incorrect legal standard to his cancellation of removal application by failing to consider all the relevant hardship factors. The record belies this contention. Because the IJ applied the correct legal standard, we lack jurisdiction to review the IJ's discretionary hardship

determination. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979-80 (9th Cir. 2009).

Finally, Diaz-Morataya's contention that the IJ incorrectly applied the legal standard under *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1012 (9th Cir. 2005), does not amount to a colorable claim over which we have jurisdiction. *See Martinez-Rosas*, 424 F.3d at 930.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**